IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERLEY BISHOP, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0698 |
| | § | |
| RICHMOND STATE SUPPORTIVE | § | |
| LIVING CENTER, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

By Order [Doc. # 6] entered July 15, 2013, the Court dismissed this case without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because *pro se* Plaintiff Sherley Bishop had not obtained service on Defendant. The case is now before the Court on Plaintiff's letter Motion for Reconsideration [Doc. # 7]. Also pending is Defendant Richmond State Supportive Living Center's Motion to Dismiss [Doc. # 10], to which Plaintiff filed a letter Response [Docs. # 11 and # 12], and Defendant filed a Reply [Doc. # 13]. Having reviewed the full record and applied governing legal authorities, the Court **denies** the Motion for Reconsideration and, alternatively, **grants** the Motion to Dismiss.

## I.    BACKGROUND

Plaintiff filed this lawsuit on March 11, 2013. The Original Complaint states in its entirety:

> On March 11, 2012 I was terminated from Richmond State Supportive Living Center.  I was placed on Administrative Leave and Under Investigation on February 25, 2012.  I learned that there was never an investigation.  I called on March 16, 2012 to check my time and I was informed by HR that I was terminated as of March 11, 2012 at 8:00 P.M.  I did not receive any type of documentation from Beth Cox informing me of the matter.  I spoke with Mr. Al Berra Secretary concerning my issue, but did not receive any feedback.  I proceeded by filing a grievance packet with Richmond State Supportive Living Center.  I received a hearing date on June 23, 2012.  Richmond State Supportive Living Center denied my Employment.

Original Complaint [Doc. # 1].[1]

## II.   **MOTION FOR RECONSIDERATION**

On May 16, 2013, the Court issued an Order [Doc. # 4] directing Plaintiff to present evidence of service on Defendant by July 10, 2013.  Plaintiff was cautioned that failure to serve Defendant would result in the dismissal of this lawsuit.  When Plaintiff failed to comply with the Court's May 16, 2013 Order, the Court dismissed this case without prejudice on July 15, 2013.  *See* Order [Doc. # 6].

Plaintiff filed a letter dated August 5, 2013 [Doc. # 7], asking the Court to reconsider the dismissal.  Plaintiff did not present any evidence that she had properly served Defendant.  Therefore, the Court held the letter Motion for Reconsideration in abeyance and directed Plaintiff to present evidence of service by September 3, 2013.

---

[1]   As discussed below, it appears that Plaintiff's employment with Defendant was terminated on March 11, 2011, not 2012.

*See* Order [Doc. # 8], entered August 6, 2013.  The Court advised Plaintiff that failure to obtain proper service on Defendant by the extended deadline would result in the denial of her Motion for Reconsideration.

On August 19, 2013, Plaintiff filed a Proof of Service [Doc. # 9].  In the Proof of Service, Plaintiff stated that she had personally delivered a summons to Defendant on August 16, 2013.[2]  The Federal Rules of Civil Procedure allow service by "[a]ny person who is at least 18 years old and *not a party*."  *See* FED. R. CIV. P. 4(c) (emphasis added).  Plaintiff is a party to this lawsuit and, therefore, she cannot properly serve Defendant.  Because Plaintiff has not properly served Defendant with the summons and complaint in this case, the Motion for Reconsideration of the Court's prior dismissal of this lawsuit pursuant to Rule 4(m) of the Federal Rules of Civil Procedure is denied.

## III.   <u>MOTION TO DISMISS</u>

It is unclear from Plaintiff's Original Complaint what causes of action she asserts in this case.  In her Response to the Motion to Dismiss, Plaintiff mentions "Titles I and V of the Americans with Disabilities Act, Age Discrimination Act [and] Civil Rights Act of 1991."  *See* Response [Doc. # 11], p. 2.  Except for stating that she

---

[2]      There is no assertion in the Proof of Service that Plaintiff also served a copy of the complaint, and Defendant represents that no copy of the complaint was served.

is over the age of 40 and has various health problems, Plaintiff has failed to allege any factual basis for the claims mentioned in the Response.  On that basis, as an alternative to the denial of the Motion for Reconsideration, Defendant's Motion to Dismiss is granted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

Moreover, any claims Plaintiff may assert under the Americans With Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), or Title VII, are time-barred.  A lawsuit asserting violations of these federal employment laws must be filed within 90 days after receipt of the Notice of Right to Sue issued by the Equal Employment Opportunity Commission ("EEOC").  *See Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 390-91 (5th Cir. Apr. 18, 2005) (citing 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a)) (ADA claim); *Julian v. City of Houston*, 314 F.3d 721, 726 (5th Cir. 2002) (citing 29 U.S.C. § 626(e)) (ADEA claim); *Bradshaw v. City of Gulfport*, 427 F. App'x 386, 387 (5th Cir. June 7, 2011) (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  In this case, the EEOC issued the "Notice of Right to Sue Within 90 Days" ("Notice") on October 12, 2012.  Where, as here, the plaintiff does not state when she received her notice, it is presumed that she received it between three and seven days after it was mailed.  *See  Taylor v. Books A Million, Inc*., 296 F.3d 376, 379 (5th Cir. 2002), *cert.*

*denied*, 537 U.S. 1200 (2003). Therefore, it is presumed that Plaintiff received the Notice by October 19, 2012.[3]

Plaintiff filed this lawsuit on March 11, 2013, 150 days after the EEOC issued the Notice. Plaintiff has offered no explanation for her failure to file this lawsuit within the 90-day period. As a result, the Complaint, construed liberally to assert federal employment claims, is time-barred. Defendant's Motion to Dismiss is granted on this basis also.

## IV.   CONCLUSION AND ORDER

Plaintiff has not properly served Defendant with the summons and complaint in this case, and almost ten (10) months have passed since the Original Complaint was filed on March 11, 2013. As a result, Plaintiff's Motion for Reconsideration of the Court's dismissal of this case pursuant to Rule 4(m) is denied.

Even were the Court to reconsider the Rule 4(m) dismissal, Plaintiff has failed to state a timely claim upon which relief can be granted. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 7] is **DENIED** and the case remains dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Alternatively, it is hereby

---

[3]     In an unfiled Employment Discrimination Complaint, Plaintiff states that she received the Notice of Right to Sue letter from the EEOC on July 31, 2012. *See* "Employment Discrimination Complaint" [Doc. # 5], p. 6. This is clearly incorrect because the Notice was not issued by the EEOC until October 12, 2012.

ORDERED that Defendant's Motion to Dismiss [Doc. # 10] is **GRANTED**.

The Court will issue a separate final order.

SIGNED at Houston, Texas, this **10<u>th</u>** day of **October, 2013**.

_____
Nancy F. Atlas
United States District Judge